# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| HEATHER BRANIFF AND IJALA RISBROOK, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) ) COLLECTIVE ACTION |
| v. | ) PURSUANT TO 29 U.S.C. §216(b) ) |
| HCTEC PARTNERS, LLC, f/k/a HCTEC, LLC, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Heather Braniff and Ijala Risbrook ("Plaintiffs") through their undersigned counsel, individually and on behalf of all others similarly situated, file this Collective Action Complaint against Defendant HCTec Partners, LLC, formerly known as HCTec, LLC ("Defendant" or "HCTec"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs allege that they and other similarly situated consultants were not paid minimum wage for all hours worked and did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that Defendant resides in this judicial district and maintains its corporate headquarters in Franklin, Tennessee.

1

## PARTIES

3. Plaintiff Heather Braniff ("Braniff") is an individual residing in Goshen, Indiana. Braniff worked for Defendant as a Consultant providing information technology support to HCTec's clients in Minnesota, North Dakota and Florida between approximately June 2013 and December 2014.

4. Plaintiff Ijala Risbrook ("Risbrook") is an individual residing in Orlando, Florida. Risbrook worked for Defendant as a Consultant providing information technology support to HCTec's clients in South Carolina between October 2013 and August 2016.

5. Defendant HCTec Partners, LLC, formerly known as HCTec, LLC ("Defendant" or "HCTec") is a corporation providing information technology and educational services for the healthcare industry across the country. HCTec maintains its corporate headquarters in Franklin, Tennessee and is incorporated in Tennessee.

6. HCTec is a leading healthcare information technology firm with a network of hundreds of healthcare IT consultants. HCTec's "project services leverage the strength of our consultants but packaged as a team with defined outcomes and HCTec project leadership." *Project Services Overview*, HCTec, http://hctec.com/project-services/ (last visited March 7, 2017).

7. HCTec employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. HCTec's annual volume of sales made or business done exceeds $500,000.

## CLASS DEFINITION

9. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following opt-in litigants:

> All individuals who performed consulting work for HCTec Partners, LLC, f/k/a HCTec, LLC ("HCTec") in the United States from March 8, 2014 to the present.

## FACTS

10. As a leading healthcare information technology firm, HCTec provides healthcare systems implementation support services, such as training and information technology support. HCTec employs Consultants, such as Plaintiffs, who perform such information technology support in the healthcare industry in this judicial district and throughout the United States.

11. HCTec's financial results are highly driven by the number of consultants providing information technology support services for HCTec's customers and the fees that HCTec charges the customers for these services.

12. From approximately June 2013 through December 2014, Braniff was employed as a Consultant by HCTec in Minnesota, North Dakota and Florida.

13. At various times between October 2013 and August 2016, Risbrook was employed as a Consultant by HCTec in Iowa, Florida, and South Carolina.

14. Plaintiffs and Collective Action Members routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

15. Plaintiffs and Collective Action Members often worked approximately twelve (12) hours per day, six (6) days per week.

16. Although Plaintiffs and Collective Action Members frequently were required, permitted or encouraged to work more than forty (40) hours per week, they did not receive one

and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

17. Instead, Plaintiffs and Collective Action Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty hours in a week.

18. In addition, between May and August 2016, Plaintiff Risbrook and at least 60 Collective Action Members were required to undergo unpaid training prior to beginning work for HCTec. As a result these individuals were not paid minimum wage for the time they spent in training.

19. Plaintiffs and Collective Action Members were employed as information technology support workers for software applications and programs provided by HCTec. Plaintiff and Collective Action Members were not working as computer systems analysts, computer programmers, or software engineers as defined in 29 C.F.R. § 541.400(a).

20. Plaintiffs' and Collective Action Members' duties consisted of providing software support to HCTec's healthcare clients and aiding healthcare staff with the new software. Plaintiffs' and Collective Action Members' duties did not include the "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Collective Action Members did not analyze, consult or determine hardware, software programs or any system functional specifications for HCTec's clients. *See id.*

21. Plaintiffs and Collective Action Members did not design, develop, document, analyze, create, test or modify a computer system or program as defined in 29 C.F.R. § 541.400(b)(2).

22. While Plaintiffs' and Collective Action Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not,

4

however, "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Collective Action Members provided software support to HCTec's clients.

23. Plaintiffs and Collective Action Members were not paid a minimum guaranteed salary.

24. Plaintiffs and Collective Action Members were paid solely on an hourly basis and were paid only for the time they actually worked.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

25. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the class defined above.

26. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27. Plaintiffs and Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to HCTec's previously described common business and compensation practices, and, as a result of such practices, have not been paid minimum wage for all hours worked and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, HCTec's common compensation and payroll practices.

28. Specifically, HCTec paid Plaintiffs and Collective Action Members a set hourly rate for each hour worked and did not pay them overtime for hours worked in excess of 40 a week.

5

29. In addition, Plaintiff Risbrook and at least 60 Collective Action Members were required to undergo training prior to beginning work for HCTec. HcTec failed to compensate these individuals for the time spent in training.

30. The similarly situated employees are known to HCTec, are readily identifiable, and can easily be located through HCTec's business and human resources records.

31. HCTec employs many Collective Action Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## COUNT I
## Fair Labor Standards Act
## (On Behalf of Plaintiffs and the Collective Action Members)

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The FLSA requires that covered employees be paid minimum wage for all hours worked. *See* 29 U.S.C. § 206.

34. The FLSA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

35. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d).

36. HCTec is subject to the wage requirements of the FLSA because HCTec is an employer under 29 U.S.C. § 203(d).

37. At all relevant times, HCTec was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

38. During all relevant times, Plaintiffs and the Collective Action Members were covered employees entitled to the above-described protections of the FLSA. *See* 29 U.S.C. § 203(e).

39. Plaintiffs and the Collective Action Members are not exempt from the requirements of the FLSA.

40. Plaintiffs and the Collective Action Members are entitled to be paid minimum wage for all hours worked pursuant to 29 U.S.C. § 206.

41. Plaintiffs and the Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

42. HCTec, pursuant to its policies and practices, failed and refused to pay minimum wage to Plaintiff Risbrook and at least 60 other Collective Action Members while they were undergoing training for HCTec.

43. HCTec, pursuant to its policies and practices, also failed and refused to pay overtime premiums to Plaintiffs and Collective Action Members for all their overtime hours worked, instead compensating Plaintiffs and Collective Action Members at a set hourly rate for each hour worked.

44. HCTec knowingly failed to compensate Plaintiff Risbrook and other Collective Action Members for their training.

45. HCTec also knowingly failed to compensate Plaintiffs and Collective Action Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

46. In violating the FLSA, HCTec acted willfully and with reckless disregard of clearly applicable FLSA provisions.

47. In violation the FLSA, on information and belief, HCTec did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

　　a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

　　b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Action Members;

　　c. Injunctive relief requiring HCTec to comply with the provisions of the FLSA and to cease its illegal practices;

　　d. A judgment in favor of Plaintiffs and Collective Action Members for all penalties and liquidated damages allowed by law;

　　e. An award of pre-judgment and post-judgment interest to Plaintiffs and Collective Action Members;

　　f. An award of attorneys' fees and costs provided by law; and

　　g. Any other relief to which Plaintiffs and Collective Action Members may be entitled.

Dated: March 8, 2017

Respectfully submitted,

/s/ Jerry E. Martin
Jerry E. Martin (TN #20193)
Joshua A. Frank (TN #33294)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
jmartin@barrettjohnston.com
jfrank@barrettjohnston.com

Harold Lichten (Mass. BBO #549689)*
Olena Savytska (Mass. BBO #693324)*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

Sarah R. Schalman-Bergen (PA 206211)*
Eric Lechtzin (PA 62096)*
Camille Fundora (PA 312533)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
sschalman-bergen@bm.net
elechtzin@bm.net
cfundora@bm.net

David M. Blanchard*
Blanchard & Walker, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

*Attorneys for Plaintiffs and the Proposed Collective*

*Application for Admission to be Filed*

9